

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W.E. Yancy
County Auditor
Tarrant County
Fort Worth, Texas

Opinion No. O-3805
Re: From what count; fund shall
the county treasurer of Tar-
rant County receive his sal-
ary?

Dear Sir:

This department has received your request for an opinion. The question presented has been considered. We quote the body of your letter:

"Please give us opinion from your Department on the meaning of Article 3912e Section 19, (e) relative to County Treasurer's Salary. We quote that part of said Article which applies to counties in excess of 190,000 and not in excess of 355,000 population which reads as follows:

"(e) The Commissioners' Court of each County shall determine annually the salary to be paid to the County Treasurer at a reasonable sum not to exceed three thousand, Six Hundred ($3,600.00) Dollars per annum; * * *

"Tarrant County has a population of 225,588, according to the 1940 Federal Census.

"Our question is: Can the salary of the County Treasurer of Tarrant County be paid from the different operating funds of the County? Which are: The General Fund the Road and Bridge Fund, the Jury Fund and the Fund for permanent improvements etc, and as the Constitution otherwise provides."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Section 19, Article 3912e, Vernon's Annotated Civil Statutes, as amended, provides:

"Provisions of this section shall apply to and control in each county in the State of Texas having a population in excess of one hundred and ninety (190,000) thousand inhabitants, according to the last preceding Federal Census."

Subsection (e) of Section 19 provides:

"The Commissioners' Court of each county shall determine annually the salary to be paid to the county treasurer at a reasonable sum not to exceed Three Thousand, Six Hundred (#3,600.00 Dollars per annum. * * * "

Subsection (i) of Section 19, provides:

"There shall be created a fund for each officer affected by the provisions hereof to be kn own as the ' _____ Salary Fund of _____ County, Texas' (Insert the title of the officer affected and the name of the county) and such fund shall be kept separate and apart from all other county funds and shall be held and disbursed for the purpose of paying the salary of such officer, the salaries of his deputies, assistants, clerks, stenographers, and investigators who are authorized to draw a salary from said fund under the provisions of this Section and to pay the authorized and approved expenses of his office. Such fund shall be deposited in the county depository and shall be protected to the same extent, and draw the same interest, as other county funds. The Commissioners' Court of each county affected by the provisions of this Section, at its first regular meeting in January of each calendar year, may determine by order made and entered in the minutes of said court, that all fees, costs, compensation, salaries, expenses, etc., provided for in this Section shall be paid into and drawn from the general fund of such county; in which event each reference, in this Section to a salary fund shall be read as and interpreted to be 'General Fund'".

Subsection (k) of Section 19 provides:

"No officer receiving a salary shall receive
any ex-officio compensation from the county; pro-
vided, however, the Commissioners' Court shall
transfer from the general fund of the county to
any Officers' Salary Fund of such county such funds
as may be necessary to pay the salaries and other
legally authorized claims chargeable against such
fund when the moneys deposited to the credit of
such fund are insufficient to meet the claims
against it."

Section 1 of Article 3912e, Vernon's Annotated Civil
Statutes, reads as follows:

"No district officer shall be paid by the State
of Texas any fees or commission for any service per-
formed by him, nor shall the State or any county pay
to any county officer in any county containing a pop-
ulation of twenty thousand (20,000) inhabitants or
more according to the last proceeding Federal Census
any fee or commission for any service by him performed
as such officer; provided, however, that the assessor
and collector of taxes shall continue to collect and
retain for the benefit of the Officers' Salary Fund or
funds hereinafter provided for, all fees and commis-
sions which he is authorized under law to collect;
and it shall be his duty to account for and to pay
all such monies received by him into the fund or funds
created and provided for under the provisions of this
Act; provided further, that the provisions of this
Section shall not affect the payment of costs in civil
cases by the State, but all such costs so paid shall
be accounted for by the officers collecting the same,
as they are required under the provisions of this Act
to account for fees, commissions and costs collected
from private parties."

Opinion No. 0-3132 of this department, applicable to
a county having a population in excess of 20,000 inhabitants,
holds that the county treasurer has no authority to charge
and collect commissions from the county to be placed in the
Officers' Salary Fund.

It is our opinion that Section 1 of Article 3912e,
Vernon's Annotated Civil Statutes, would prohibit the county

treasurer from collecting commissions from Tarrant County
and its various operating funds.

You do not state in your letter whether or not
the Commissioners' Court, at its first regular meeting in
January of this year, determined by an order made and en-
tered in the minutes of said Court, (as provided by Sub-
section 1 of Section 19 of Article 3912e, Vernon's Annotated
Civil Statutes, supra) that all fees, costs, compensation,
salaries, expenses, etc, should be paid into and drawn from
the general fund of the county, etc. If this order was
made then the county treasurer should be paid from the Gen-
eral Fund.

If this order was not made the county treasurer
should be paid from the Treasurer's Salary Fund (as provided
for by subsection (1) of Section 19 of Article 3912e, Vernon's
Annotated Civil Statutes(. If there was no money in this
fund to pay the treasurer the commissioners' court would be
authorized to transfer funds from the General Fund to the
Treasurer's Salary Fund to pay the salaries and other legally
authorized claims chargeable against the Treasurer's Salary
Fund, as provided for by subsection (k) of Section 19 of Ar-
ticle 3912e, Vernon's Annotated Civil Statutes.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:ob

APPROVED OPINION COMMITTEE BY JFS CHAIRMAN

APPROVED AUG 22, 1941

s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS